IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  10-cv-01840-WYD-BNB

DAVID CLAY;
MATTHEW DeHERRERA;
LAMONT MORGAN;
WILLIAM LaFONTAINE; and
CYNTHIA SHAW-PIERCE, on behalf of themselves and all others similarly situated,

       Plaintiff,

v.

JOE PELLE, in his official capacity as Boulder County Sheriff; and
LARRY R. HANK, in his official capacity as administrator of the Boulder County Jail and
Division Chief of the Boulder County Sheriff Office,

       Defendants.

---

## ORDER

---

THIS MATTER came before the Court for a hearing on Wednesday, January 26, 2011, on Plaintiffs' Motion to Certify Class and Appoint Class Counsel [ECF No. 2], filed August 3, 2010.  The Court, having reviewed Plaintiffs' Motion, Defendants' Response, Plaintiffs' Reply, and the relevant case law, and having heard counsel's argument at the hearing, grants Plaintiffs Motion for Class Certification for the reasons set forth herein.

## I.    BACKGROUND

This action is brought by prisoners in the Boulder County Jail, in Boulder, Colorado on behalf of themselves and a putative class of other inmates at the Boulder County Jail.  Plaintiffs and the putative class challenge a new jail policy under which certain outgoing mail sent by prisoners must be written on postcards supplied by the jail.

Plaintiffs allege this policy violates their rights under the First and Fourteenth Amendments of the United States Constitution, as well as Article II, Sections 10 and 25 of the Colorado Constitution.  They seek injunctive and declaratory relief.

Plaintiffs seek to certify a class defined as "all current and future prisoners in the Boulder County Jail who are subject to or affected by the defendants' postcard-only policy."  Plaintiffs ask the Court to appoint Mark Silverstein, the Legal Director of the ACLU and David C. Fathi, the director of the National Prison Project of the ACLU Foundation as class counsel pursuant to Fed. R. Civ. P. 23(g).

Defendants argue that Plaintiffs' Complaint seeks relief that would benefit all inmates, and therefore class certification is not necessary because the relief sought will have the same effect whether the class is certified or not.  Accordingly, Defendants argue that the Complaint bars the need for class certification.  In the alternative, Defendants argue that Plaintiffs cannot satisfy the requirements of Fed. R. Civ. P. 23.

## II.    ANALYSIS

Fed. R. Civ. P. 23(a) governs class certification.  A district court has broad discretion in determining whether a suit should proceed as a class action.  *Milonas v. Williams*, 691 F.2d 931, 938 (10th Cir. 1982), *cert. denied*, 460 U.S. 1069 (1983).  In ruling on Plaintiffs' motion for class certification under Rule 23, my inquiry turns on whether the requirements of Rule 23 have been satisfied.  A district court "may not evaluate the strength of a cause of action at the class certification stage" but it must determine "without passing judgment on whether plaintiffs will prevail on the merits" whether plaintiff has satisfied the provisions of Rule 23.  *Shook v. Bd. of County Comm'rs*, 543 F.3d 597, 603 (10th Cir. 2008) (*Shook II*).  Although "no impermeable

wall exists between the merits of a case and a district court's decision whether to certify a class," the merits of the case "may not serve as the focal point" of a class certification analysis.  *Vallario v. Vandehey,* 554 F.3d 1259, 1266 (10th Cir. 2009) (internal quotations omitted).  Furthermore, "at the class certification stage a district court must generally accept the substantive, non-conclusory allegations of the complaint as true." *Vallario v. Vandehey,*  554 F.3d 1259, 1265 (10th Cir. 2009)(citing *Shook v. El Paso County*, 386 F.3d 963, 968 (10th Cir.2004) (*Shook I*); *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1290 n. 7 (10th Cir.1999)).  Finally, in deciding whether certification is appropriate, doubts should be resolved in favor of certification.  *See Esplin v. Hirschi*, 402 F.2d 94, 99 (10th Cir. 1988) ("if there is error to be made, let it be in favor and not against the maintenance of a class action"), *cert. denied*, 394 U.S. 928 (1969)).

## A.    The Suit is Brought by Members of the Class

Before I analyze the Rule 23(a) requirements, I must first determine whether the suit has been brought by one or more members of the class.  *See Paton v. N.M. Highlands Univ.*, 275 F.3d 1274, 1278 (10th Cir. 2002).  Here, the suit has been brought by five representative Plaintiffs who are members of the putative class.  Each representative Plaintiff is–or was at the time that Plaintiffs filed the Motion for Class Certification–an inmate at the Boulder County Jail.  Each of the Plaintiffs was subjected to the policy now challenged through this lawsuit.

## B.    The Requirements of Rule 23(a) are Met

A class may be certified only if all four of the following prerequisites are met:

(1) *Numerosity*: "the class is so numerous that joinder of all members is impracticable";

-3-

(2) *Commonality*: "there are questions of law or fact that are common to the class";

(3) *Typicality*: "the claims or defenses of the representative parties are typical of the claims or defenses of the class"; and

(4) *Adequacy of representation*: "the representative parties will fairly and adequately represent the interests of the class."

The party seeking to certify a class bears the "strict" burden of proving that the requirements of Rule 23 have been met. *Trevizo v. Adams,* 455 F.3d 1155, 1162 (10th Cir.2006). I am required to engage in a "rigorous analysis" into whether the requirements of Rule 23 are satisfied. *Gen. Tel. Co. of S.W. v. Falcon*, 457 U.S. 147, 161 (1982). If I determine the Rule 23(a) requirements are met, I must also decide whether the action falls within one of the three categories set forth in Rule 23(b). *Trevizo v. Adams*, 455 F.3d 1155, 1166-62 (10th Cir.2006); *Shook v. El Paso County*, 386 F.3d 963, 968 (10th Cir.2004).

       1.   <u>Numerosity</u>

The burden is upon the plaintiff seeking to represent a class to establish that the class is so numerous as to make joinder impracticable. *Peterson v. Oklahoma City Housing Authority*, 545 F.2d 1270, 1273 (10th Cir. 1976); *Trevizo*, 455 F.3d at 1162. There is "no set formula to determine if the class is so numerous that it should be so certified." *Rex v. Owens ex rel. State of Okla.*, 585 F.2d 432, 436 (10th Cir.1978). Because this is a fact-specific inquiry, the district court has wide discretion in making this determination. *Johnson by Johnson v. Thompson*, 971 F.2d 1487, 1498 (10th Cir.1992); *Trevizo*, 455 F.3d at 1162.

Plaintiffs argue that this requirement is met because the jail's average population

-4-

is 400 prisoners, all of whom are subject to the challenged postcard policy.  The named

class also includes future prisoners as well–thus increasing the total number of class

members.  Plaintiffs assert that the given the daily changes in the number of prisoners

at the jail, joinder of all class members is not just impracticable, but actually impossible.

The Defendants concede that joinder of "all inmates" is not practicable.  They

note their belief that the ACLU sent letters to every inmate in the Boulder County Jail,

seeking plaintiffs for the lawsuit.  They further note that Plaintiffs' motion is silent as to

this point, but they make no legal argument regarding this issue.

I find that Plaintiffs have satisfied the numerosity requirement, given the number

of prisoners in the Boulder County Jail, each of whom is subject to the challenged

policy.  Joinder of all prisoners subject to the challenged policy would be impracticable.

Judicial economy favors one class action suit.

2.   Commonality

Commonality for purposes of Rule 23(a) requires only a single issue common to

the class.  *See J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1288 (10th Cir. 1999).

Further, "'[t]hat the claims of individual class members may differ factually should not

preclude certification under Rule 23(b)(2) of a claim seeking the application of a

common policy.'"  *Id.* (quotations omitted).  The commonality requirement "is satisfied

when the legal question linking the class members is substantially related to the

resolution of the litigation."  *Realmonte v. Reeves*, 169 F.3d 1280, 1285 (10th Cir.1999).

Plaintiffs contend that there are numerous questions of fact common to the class,

including the scope and nature of the challenged post-card policy, the scope, criteria,

and process of invoking the a "legal mail" exception to the policy; and the scope,

criteria, and process for invoking the an "official mail" exception to the policy.  Pls.' Mot.

to Certify Class 5, ECF No. 2.  Plaintiffs likewise contend there are common issues of

law, including whether the challenged policy violates prisoners rights under the United

States Constitution and the Colorado Constitution.  *Id.*

Defendant's respond that the commonality of Plaintiffs claims concern the

constitutionality of the Jail's policies, but that there is no need to certify a class

challenging a policy as unconstitutional on its face.  Defendants further contend that

"privacy interests" of Defendants may be violated if representative parties or proposed

counsel gain access to copies of their outgoing mail.   Defendants cite no authority for

this proposition and ineffectively link this argument to the commonality requirement.

I find that Defendant's arguments are without merit, and that the Plaintiffs have

satisfied the commonality requirement of Rule 23(a).   Common factual and legal

questions are apparent – including whether the challenged postcard policy is

constitutional.

### 3.   Typicality

Fed. R. Civ. Pro. 23(a)(3) requires that "the claims or defenses of the

representative parties [be] typical of the claims of defenses of the class."  "Typicality

insures that the class representative's claims resemble the class's claims to an extent

that adequate representation can be expected."  *In Re Intelcom Group, Inc. v. Securities

Litig.*, 169 F.R.D. 142, 149 (D. Colo. 1996).  "The rationale behind the requirement that

the class representative's claims be typical of the class claims is recognition that a

plaintiff with claims typical of the class will, in pursuing and defending his own self

interest in the litigation, be concomitantly advancing or defending the interests of the

class." *Dubin v. Miller*, 132 F.R.D. 269, 274 (D. Colo. 1990) (citing 1 H. Newberg,

Newberg on Class Actions § 3.22, at 199 (2d ed. 1985)).

Plaintiffs contend that this requirement is met because "the claims asserted by

the class coincide precisely with the claims asserted on behalf of the class."  Pls.' Mot.

6.  Plaintiffs further contend that although the challenged postcard policy may affect

different class members in different ways, that does not defeat a finding of typicality.

Defendants make no specific arguments regarding the typicality requirement.

I find that Plaintiffs have met the burden of showing that their claims are typical of

those of the class.  Plaintiffs' claims, like those of the entire class, all turn on the

constitutionality of the challenged post-card policy.  Each claim therefore is based on

the same legal theories and involves the same injury suffered by the class.  Moreover,

"differing fact situations of class members do not defeat typicality under Rule 23(a)(3) so

long as the claims of the class representative and class members are based on the

same legal or remedial theory."  *Adamson v. Bowen,* 855 F.2d 668, 676 (10th Cir.

1988).

4.    Adequacy of representation

Rule 23(a)(4) requires that the representative parties "fairly and adequately

protect the interests of the class."  The Tenth Circuit holds that adequacy of

representation depends on resolution of two questions.  *Rutter & Wilbanks Corp. v.

Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002).  These questions are: "'(1) do the

named plaintiffs and their counsel have any conflicts of interest with other class

members and (2) will the named plaintiffs and their counsel prosecute the action

vigorously on behalf of the class?'"  *Id.* at 1187-88 (quoting *Hanlon v. Chrysler Corp.*,

150 F.3d 1011, 1020 (9th Cir. 1998)).

Plaintiffs contend that there are no conflicts between the named Plaintiffs, their

counsel, or the other class members.  Furthermore, Plaintiffs contend that they are

represented by attorneys associated with the ACLU who are experienced in class

actions and have specific experience with class action challenges to prison and jail

practices.  Defendants make no specific arguments regarding the Rule 23(a)(4)

requirements.

Based on the briefing and arguments made during the hearing, I find that

Plaintiffs have not been shown to have any conflicts of interest with other class

members.  I also find that Plaintiffs' counsel have not been shown to have any conflicts

of interest.  Finally, I find that Plaintiffs have met their burden of showing that counsel

will prosecute the action vigorously on behalf of the class.

### C.    The Class Satisfies the Requirements of Rule 23(b)(2)

In addition to satisfying the requirements of Rule 23(a), the Plaintiffs' claims must

also be maintainable as a class action under one of the three categories of suits

described in Rule 23(b).  *Weinman v. Fid. Capital Appreciation Fund (In re Integra*

*Realty Res., Inc.)*, 354 F.3d 1246, 1262 (10th Cir. 2004).  Plaintiffs assert that class

certification is proper under Fed. R. Civ. P. 23(b)(2).  Under Rule 23(b)(2), a class

action may be maintained if "the party opposing the class has acted or refused to act on

grounds that apply generally to the class, so that final injunctive relief or corresponding

declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P.

23(b)(2).

The Tenth Circuit has held that Rule 23(b)(2) "imposes two independent, but

related requirements" on those seeking class certification.  *Shook II*, 543 F.3d at 604;

*DG ex rel. Stricklin v. Devaughn,* 594 F.3d 1188, 1199 (10th Cir. 2010).  "First, plaintiffs

must demonstrate defendants' actions or inactions are 'based on grounds generally

applicable to all class members.'  Second, plaintiffs must also establish the injunctive

relief they have requested is 'appropriate for the class as a whole.'"  *Stricklin,* 594 F.3d

at 1199 (quoting *Shook II*, 543 F.3d at 604).

The court in *Stricklin* went further to state that the two independent requirements

demand cohesiveness among class members with respect to their injuries and that the

requirement of cohesiveness likewise has two elements:

> First, plaintiffs must illustrate the class is "sufficiently cohesive that any classwide
> injunctive relief" satisfies Rule 65(d)'s requirement that every injunction" 'state its
> terms specifically; and describe in reasonable detail ... the act or acts restrained
> or required.' " *Id.* (quoting Fed.R.Civ.P. 65(d)).  Second, cohesiveness also
> requires that class members' injuries are "sufficiently similar" that they can be
> remedied in a single injunction without differentiating between class members. *Id.*
> Rule 23(b)(2)'s bottom line, therefore, demands at the class certification stage
> plaintiffs describe in reasonably particular detail the injunctive relief they seek
> "such that the district court can at least 'conceive of an injunction that would
> satisfy [Rule 65(d)'s] requirements,' as well as the requirements of Rule 23(b)(2)."
> *Id.* at 605 (quoting *Monreal v. Potter*, 367 F.3d 1224, 1236 (10th Cir.2004)).

*DG ex rel. Stricklin v. Devaughn,* 594 F.3d 1188, 1199 -1200 (10th Cir. 2010).

Plaintiffs assert that the requirements of Rule 23(b)(2) are satisfied because all

class members have suffered the same injury and because their Complaint seeks an

injunction that would remedy all class members' injuries and satisfy Rule 65(d).

Defendants respond that Plaintiffs cannot satisfy Rule 23(b)(2) because they cannot

show that Defendants "acted or refused to act" on grounds generally applicable to the

proposed class "such that final injunctive relief is appropriate as to the class a whole."

Def.s' Objection to Pl.s' Mot. 7.  Defendants further contend that the injunctive relief

requested is "too vague" and that it is "inappropriate and unreasonable" given the reasons the Jail implemented the post-card policy. Defendants also contend that the injunctive relief requested would violate the separation of powers doctrine.

I find that the Plaintiffs have satisfied the requirements of Rule 23(b)(2). Here, the Plaintiffs have alleged that all class members have suffered the same constitutional injury based on the challenged postcard policy. The injunction sought by Plaintiffs in this case is much more specific than the type of injunctions which the Tenth Circuit has held to be too vague. In *Vallario*, the Tenth Circuit noted that injunctions requiring a defendant to "obey the law" for example, are generally too vague to satisfy Rule 65. *Vallario,* 554 F.3d at 1268. Here, however, Plaintiffs seek to "permanently enjoin the defendants from continuing to enforce the challenged postcard-only policy, or any other policy that limits outgoing mail to postcards, thus restoring the status quo that existed before this controversy began." Compl. ¶ 58(c). Plaintiffs therefore seek to enjoin a specific policy currently being enforced by the Defendants.

Furthermore, the injunctive relief sought by the Plaintiffs applies to the proposed class as a whole and does not require differentiation between class members. I do not agree with Defendants that it is necessary to inquire into each class member's individual circumstances or characteristics given that all class members are subject to the challenged policy. Even through some claims may differ somewhat factually, this is not a bar to certification given the common policy applied to all prisoners. *See Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir.1988) ("That the claims of individual class members may differ factually should not preclude certification under Rule 23(b)(2) of a claim seeking the application of a common policy.").

Unlike the injunction sought by the plaintiffs in *Shook II*, which the Tenth Circuit agreed failed to satisfy Rule 23(b)(2), the injunction sought in this case would apply to all prisoners alike because it would prohibit prison officials from limiting prisoners outgoing mail to postcards.  In Shook *II*, the court recognized that the relief plaintiffs sought "would require the district court to craft an injunction that distinguishes-based on individual characteristics and circumstances- between how prison officials may treat class members, rather than prescribing a standard of conduct applicable to all class members." *Shook II,* 543 F.3d at 605.  For example, the court in *Shook II* noted that plaintiffs there sought an injunction compelling defendants to "cease using restraints, pepper spray, and electroshock weapons ('tasers') against prisoners exhibiting signs of mental illness in circumstances that post a substantial risk of serious harm to such prisoners."  *Id.*  This request for relief necessarily asked the court to take into account "the specific circumstances of individual inmates' plights."  Unlike in *Shook*, the Plaintiffs here seek an order proscribing a change in policy applicable to all inmates.

Defendants also argue that the class of "all current and future prisoners in the Boulder County Jail who are subject to or affected by the defendants' postcard-only policy" is too broad.  Defendants cite *Shook II* in arguing that the Tenth Circuit "frowns upon" certification of a class of all ""current and future" prisoners.  The situation in this case, is however, distinguishable from the situation in *Shook II*.  In *Shook II*, the plaintiffs sought, among other things, an injunction aimed at ensuring "adequate" staffing levels and medication delivery procedures for inmates.  *Shook II,* 543 F.3d at 605.  Because the proposed class included not only current, but also future inmates, enforcing an injunction aimed at "adequate" staffing levels required "a wealth of

-11-

information about the class not necessary in many other Rule 23(b)(2) class actions."
*Id.* Here, certifying a broad class including current and future inmates does not pose analogous challenges.

Finally, whether the injunction would "unfairly constrain the ability of jail officials . . . to respond to legitimate penological interests" as argued by the Defendants, requires an analysis of the merits of Plaintiffs' claims which is unnecessary to my determination of whether the Rule 23 requirements have been met.

### D.   Defendants' Further Arguments Against Certification

Defendants further contend that certification is unnecessary because if the Plaintiffs prevail the benefits will inure to all prisoners.  Defendants are correct that in some cases class certification is unnecessary where plaintiffs seek relief that will inure to the benefit of all the requested class members.  *See Kansas Health Care Ass'n, Inc. v. Kan. Dept. of Social and Rehab. Servs.*, 31 F.3d 1536, 1548 (10th Cir. 1994) ("This court has 'recognized the line of authority indicating that a class certification is unnecessary if all the class members will benefit from an injunction issued on behalf of the named plaintiffs.' ")(citing *Everhart v. Bowen*, 853 F.2d 1532, 1538-39 n. 6 (10th Cir.1988), rev'd on other grounds, 494 U.S. 83, 110 S.Ct. 960, 108 L.Ed.2d 72 (1990); 7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1785.2 (1986 & Supp.1994)).  Plaintiffs respond that certification is necessary, however, because a detainee will lose standing to seek injunctive and declaratory relief from jail conditions as soon as he or she is transferred or released from the jail.  Plaintiffs argue that "given the rapid turnover in jail populations, class certification is essential if injunctive and declaratory relief is ever to be available."  Pls.'

Reply 2.  They argue this is true because certification relates back to the filing of the motion, and therefore the class itself has standing to litigate the claims even if the individual claims of the named plaintiffs become moot.

I am cognizant of the Tenth Circuit's caution against giving undue weight to a claim that Plaintiff will be unable to obtain judicial review of jail practices absent certification of their requested class.  *Vallario*, 554 F.3d at 1269.  Injunctive relief is, however, an important remedy against the alleged constitutional harm suffered. Because the practice alleged to be occurring at the Boulder County Jail continues to affect members of the putative class who have a live stake in the controversy, if a class is certified, the claims are not mooted should the named Plaintiffs be transferred or released from the jail.  Whereas an individual prisoner's claim for injunctive relief may become moot before the court can grant relief, class certification, where proper under Rule 23, "ensures the presence of a continuing class of plaintiffs with a live dispute against prison authorities."  *Stewart v. Winter,* 669 F.2d 328, 334 (5th Cir. 1982) (citing *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 397, 100 S.Ct. 1202, 1209, 63 L.Ed.2d 479 (1980)).  Plaintiffs seek system-wide declaratory and injunctive relief that may be unattainable once Plaintiffs are released from the Boulder County Jail.  *See Neiberger v. Hawkins*, 208 F.R.D. 301, 318 (D.Colo. 2002) (holding that class certification was appropriate where the named Plaintiffs leave the hospital whose policies were being challenged thus rendering the ordered relief unenforceable).  I therefore conclude that class certification is appropriate and that the Plaintiffs have established that the requirements of Rule 23 are satisfied.

### E.    Appointment of Class Counsel

Under Rule 23(g), I must appoint class counsel when a class is certified.  Factors relevant to the appointment of class counsel are the work counsel has done in identifying or investigating potential claims in the action; counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; counsel's knowledge of the applicable law; and the resources that counsel will commit to representing the class.  Fed.R.Civ.P. 23(g)(1)(A)(i)-(iv).

Based on the counsel's experience in the relevant areas of law, and counsel's conduct to date in this case, I conclude that Plaintiffs' counsel satisfies the requirements outlined in Fed. R. Civ. P. 23(g).  Plaintiffs' counsel is amply qualified to act as counsel for the class.

## III.   CONCLUSION

Based upon the foregoing, it is

ORDERED that Plaintiffs' Motion for Class Certification is [ECF No. 2], filed August 3, 2010, is **GRANTED**.   The above-captioned action is hereby certified as Class Action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2).  It is

FURTHER ORDERED that the Class is defined as "all current and future prisoners in the Boulder County Jail who are subject to or affected by the defendants' postcard-only policy."  It is

FURTHER ORDERED that David C. Fathi and Mark Silverstien shall serve as Appointed Counsel representing all Class Members.

Dated:  March 8, 2011

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge